Filed 6/21/22

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PAUL GARCIA et al., | B315701 |
| Petitioners, | |
| v. | (Los Angeles County Super. Ct. No. BC660723) |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent, | |
| HARALAMBOS BEVERAGE CO., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate. Superior Court of Los Angeles County, Maren E. Nelson, Judge. Petition granted.

Mara Law Firm, David Mara, Matthew Crawford; Cohelan Khoury & Singer and Jeff Geraci for Petitioners.

No appearance for Respondent.

Gordon Rees Scully Mansukhani, James Robinson, Jeffrey A. Swedo, Travis K. Jang-Busby, R. Scott Sokol, Matthew G. Kleiner, and Andrea K. Williams for Real Party in Interest.

Ogletree, Deakins, Nash, Smoak & Stewart, Robert R. Roginson and Alexander M. Chemers for Amicus Curiae American Trucking Associations, Inc. and California Trucking Association.

Goldstein Borgen Dardarian & Ho and Raymond Wendell for Amicus Curiae California Employment Lawyers Association.

Workman Law Firm and Robin G. Workman for Amicus Curiae Consumer Attorneys of California.

———————————————————

## I.   INTRODUCTION

In a December 28, 2018, order, the Federal Motor Carrier Safety Administration (FMCSA) concluded that California's meal and rest break rules were preempted under the Motor Carrier Safety Act of 1984 (49 U.S.C. § 31101 et seq.).  Petitioners contend that this decision does not apply to bar meal and rest break claims arising from conduct that predated the order.  We agree.

## II.   BACKGROUND

Petitioners are truck drivers previously employed by real party in interest Haralambos Beverage Co. (Haralambos).  On January 31, 2017, they filed a putative wage and hour class action alleging, among other things, that Haralambos failed to provide meal and rest breaks in violation of Labor Code sections 226.7 and 512 and the Industrial Welfare Commission's Wage Order No. 9-2001.

2

Nearly two years later, on December 28, 2018, the FMCSA issued an order concluding that California's meal and rest break rules are laws "'on commercial motor vehicle safety,'" are preempted pursuant to title 49 United States Code section 31141 (section 31141), which is the preemption provision of the Motor Carrier Safety Act of 1984, and "California may no longer enforce [its meal and rest break rules]" with respect to drivers who are subject to the FMCSA rules. (California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers, 83 Fed.Reg. 67470-01 (Dec. 28, 2018), 2018 WL 6809341 (Preemption Decision).)

Thereafter, Haralambos filed a motion to strike the class allegations on federal preemption grounds, which the parties agreed was a request to strike petitioners' third and fourth causes of action for failure to provide meal and rest breaks. On August 18, 2021, the superior court granted the motion and struck the two causes of action. In the court's view, "[t]he question [was] not whether [the Preemption Decision] ha[d] retroactive effect but whether [the] court may enforce preempted California meal and rest break rules and statutes as respecting affected truckers, whenever they arose." It reasoned that the Preemption Decision's statement that "California may no longer enforce" its meal and rest break rules "'void[ed]'" and "'invalidate[d]'" the state meal and rest break rules upon which petitioners' claims were based.

In response to petitioners' petition for writ of mandate, we filed an order to show cause why relief should not be granted and set the matter for hearing. The California Employment Lawyers Association and Consumer Attorneys of California each filed an amicus curiae brief in support of petitioners. The American

3

Trucking Associations, Inc. and California Trucking Association filed a joint amicus curiae brief on behalf of Haralambos.

## III. DISCUSSION

### A. *Standard of Review*

"[F]ederal preemption presents a pure question of law[,]" which we review de novo. (*Farm Raised Salmon Cases* (2008) 42 Cal.4th 1077, 1089, fn. 10.)

### B. *Preemption Decision*

"Congress passed the Motor Carrier Safety Act of 1984 [(the Act)] 'to promote the safe operation of commercial motor vehicles, [and] to minimize dangers to the health of operators of commercial motor vehicles and other employees.' Pub. L. No. 98-554, tit. II, 98 Stat. 2832, § 202 (originally codified at 49 U.S.C. app. 2501)." (*Int'l Brotherhood of Teamsters, Local 2785 v. Fed. Motor Carrier Safety Admin.* (9th Cir. 2021) 986 F.3d 841, 846 (*Int'l Brotherhood*).)

The Act tasks the Secretary of Transportation (the Secretary) with "prescrib[ing] regulations on commercial motor vehicle safety" (49 U.S.C. § 31136(a)) and ensuring state and local governments, federally recognized Indian tribes, and other political jurisdictions "adopt[] and enforc[e] effective motor carrier, commercial motor vehicle, and driver safety regulations and practices consistent with Federal requirements" (49 U.S.C. § 31102(a) & (b)(3)).

To these ends, the Act grants the Secretary a panoply of powers, including the express power to preempt state laws. (See 49 U.S.C. § 31141(a) ["A State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced"].) The Secretary has delegated this preemption authority to the Administrator for the FMCSA. (49 C.F.R. § 1.87(f).)

In 2008, in response to a petition from a group of motor carriers (*Int'l Brotherhood, supra*, 986 F.3d at p. 848), the FMCSA ruled that it lacked authority to preempt California's meal and rest break laws because such laws applied well beyond the trucking industry and therefore were not laws "on commercial motor vehicle safety." (Petition for Preemption of California Regulations on Meal Breaks and Rest Breaks for Commercial Motor Vehicle Drivers, 73 Fed.Reg. 79204-01, 79205-06 (Dec. 24, 2008), 2008 WL 5351180.)

Ten years later, the FMCSA reversed itself. Responding to petitions from two industry groups (*Int'l Brotherhood, supra*, 986 F.3d at p. 848), the FMCSA issued an order on December 28, 2018, concluding that California meal and rest break rules *are* laws 'on commercial motor vehicle safety,' *are* preempted, and therefore, "California may no longer enforce" the laws with respect to drivers of property-carrying commercial motor vehicles. (Preemption Decision, *supra*, 83 Fed.Reg. at p. 67480.) The Ninth Circuit Court of Appeals upheld the Preemption Decision, finding the FMCSA's "decision reflects a permissible interpretation of the Motor Carrier Safety Act of 1984 and is not arbitrary or capricious." (*Int'l Brotherhood, supra*, 986 F.3d at p. 846.)

C.      *Applicability of Preemption Decision to Petitioners' Claims*

The superior court, in issuing its ruling, found persuasive the Legal Opinion issued by the FMCSA's Deputy Chief Counsel. (FMCSA, Legal Opinion on Applicability of Preemption Determinations to Pending Lawsuits, <https://www.fmcsa.dot.gov/sites/fmcsa.dot.gov/files/docs/safety/454941/fmcsa-legal-opinion-3-22-19.pdf> [as of June 14, 2022] (FMCSA Legal Opin.), archived at <https://perma.cc/47R5-D5J6>.)[1]  That Legal Opinion, issued on March 22, 2019, took the position that "once FMCSA issues a preemption decision under [s]ection 31141, the State law or regulation, to the extent preempted, is invalidated and 'without effect,'" and courts may no longer enforce the preempted rules, regardless of when the underlying conduct occurred or when the lawsuit was filed.  (*Id.* at pp. 2–3.)  Under this interpretation, the Preemption Decision eliminates the court's power to grant relief *now*, regardless of when the conduct occurred.  A majority of federal district courts to consider the question have found this interpretation persuasive.  (See, e.g., *Salter v. Quality Carriers, Inc.* (C.D. Cal. Oct. 27, 2021, No. CV 20-479-JFW(JPRx)), 2021 WL 5049054, at

[1]      The Legal Opinion is not part of the Preemption Decision and is not a final agency action.  As such, it does not have the force of law.  (See *Int'l Brotherhood, supra*, 986 F.3d at p. 858, fn. 5; see also FMCSA Legal Opin., p. 2, fn. 2 ["This opinion represents the considered views of the agency charged with administering [s]ection 31141.  Questions about the applicability of FMCSA preemption decisions to particular lawsuits will ultimately be determined by the courts presiding over those lawsuits, and litigants remain free to argue their own views on these issues"].)

*9; *Patton v. Midwest Constr. Servs., Inc.* (C.D. Cal. Jun. 11, 2021, No. CV-19-8580-JFW(MAAx)), 2021 WL 2982277, at *3; *Valiente v. Swift Transportation Co. of Arizona, LLC* (C.D. Cal. Apr. 5, 2021, No. 2:19-cv-04217-VAP-KKx), 2021 WL 1799808, at *2; *Connell v. Heartland Express, Inc.* (C.D. Cal. Feb. 6, 2020, No. 2:19-CV-09584-RGK-JC), 2020 WL 813022, at *3; *Robinson v. Chefs' Warehouse, Inc.* (N.D. Cal. Sept. 10, 2019, No. 15-cv-05421-RS), 2019 WL 4278926, at *4; *Ayala v. U.S. Xpress Enterprises, Inc.* (C.D. Cal. May 2, 2019, No. EDCV 16-137-GW(KKx)), 2019 WL 1986760, at *3; but see *North v. Superior Hauling & Fast Transit, Inc.* (C.D. Cal. May 31, 2019, No. EDCV 18-2564 JGB(KKx)), 2019 WL 6792816, at *3–*4 [concluding that the Preemption Decision does not apply to conduct arising before December 28, 2018].)

We agree that when a state law is preempted, it is "invalidated" (*ONEOK, Inc. v. Learjet, Inc.* (2015) 575 U.S. 373, 376), "'without effect'" (*Cipollone v. Liggett Group, Inc.* (1992) 505 U.S. 504, 516) and, in the words of section 31141, "may not be enforced" (42 U.S.C. § 31141(a)). The FMCSA opines that "enforcement" includes a court's granting of relief based on the state law, and thus, when a state law is invalidated by a preemption ruling, a court may no longer grant relief based on the law, regardless of when the underlying conduct occurred. In the context of the Preemption Decision, we disagree.

Unlike a preemption statute that sets forth what, precisely, is preempted and then delegates to an agency or leaves to the courts the authority to determine whether particular state laws fall within the statute's scope of preemption (see, e.g., 17 U.S.C. § 301(a) ["all legal or equitable rights . . . within the general scope of copyright . . . are governed exclusively by this title" and

therefore "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State"]; 49 U.S.C. § 5125 [preempting state laws regarding transportation of hazardous materials that conflict with federal laws and regulations and permitting parties to "apply to the Secretary" or "seek[] a decision . . . from a court of competent jurisdiction" as to whether any particular state law is preempted under the provision]), section 31141 confers upon the Secretary the authority to preempt laws, including the authority to determine and communicate what is preempted. Specifically, section 31141(a) provides that: "A State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced." The FMCSA, acting as the Secretary's designee, could have elected to preclude the enforcement of state laws in claims that were pending in reliance upon the agency's prior interpretation. (See, e.g., 49 U.S.C. § 20106(b)(2) [amendment to Federal Railroad Safety Act's preemption provision "shall apply to all pending State law causes of action arising from events or activities occurring on or after January 18, 2002"]; 15 U.S.C. § 7902 [any civil action preempted by the Protection of Lawful Commerce in Arms Act "that is pending on [October 26, 2005], shall be immediately dismissed by the court in which the action was brought or is currently pending"].) But the FMCSA chose not to do so.

Moreover, although the FMCSA had the authority to provide that "[a] State *may not enforce*" its own laws (§ 31141(a)), the Preemption Decision elected to use more limited language, by providing that "California *may no longer enforce* the [meal and rest break rules] with respect to drivers of property-carrying

8

[commercial motor vehicles] subject to FMCSA's [hours of service] rules." (Preemption Decision, *supra*, 83 Fed.Reg. at p. 67480.) We presume the FMCSA was aware of the statute's language and intentionally chose different language. That language—"may no longer enforce"—"strongly suggests prospective, not retroactive, application." (*North v. Superior Hauling & Fast Transit, Inc., supra*, 2019 WL 6792816 at \*9.)

In light of the FMCSA's authority to determine and communicate what it is preempting, its use of language suggesting prospective application only, and its failure to expressly extend its decision to pending claims, we conclude the Preemption Decision does not apply to bar claims arising from conduct that occurred prior to the decision, i.e., before December 28, 2018.

## IV.   DISPOSITION

The petition for writ of mandate is granted.

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.